**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

JOSEPH A. GIANSANTE,                          Civil Action No. 2:17-cv-01307-MPK

        Plaintiff,

    v.                                              Chief Magistrate Judge
                                            Maureen P. Kelly

PITTSBURGH PUBLIC SCHOOLS,

        Defendant.                          JURY TRIAL DEMANDED

## Fed. R. Civ. P. 26(f) REPORT OF THE PARTIES

    **1.**      **Identification of counsel.**

***For Plaintiff***                    ***For Defendant***
Colleen Ramage Johnston           Brian P. Gabriel
Johnston Lykos, LLC                 Campbell Durrant Beatty Palombo & Miller, P.C.
525 William Penn Place              535 Smithfield Street
28th Floor                                  Suite 700
Pittsburgh, PA  15219               Pittsburgh, PA 15222
(412) 325-7700 – Tel.               412-395-1267 – Tel.
(412) 325-7755 – Fax              412-395-1291- Fax
cjohnston@johnstonlykos.law      bgabriel@cdblaw.com

    **2.**      **Set forth the general nature of the case.**

Plaintiff, Joseph A. Giansante, alleges that his employer, Pittsburgh Public Schools, discriminated against him on the basis of his age when it fired him as a Math teacher.  Defendant asserts that the claims are barred by the applicable limitations period and that its actions were lawful and in compliance with federal and state law and were not based on Plaintiff's age.

    **3.**      **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference.**

The Rule 26(f) conference was held on December 19, 2017. Counsel who

participated for the parties are as follows:

Colleen Ramage Johnston for Plaintiff

Brian P. Gabriel for Defendant

**4.      Date of Rule 16 Initial Conference as scheduled by the Court:** (Lead Trial Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference with their calendars in hand for the purpose of scheduling other pre-trial events and procedures, including a Post-Discovery Status Conference; counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference; Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference prepared to discuss the anticipated number of depositions and identities of potential deponents and the anticipated dates by which interrogatories, requests for production of documents and requests for admissions will be served):

January 4, 2018 at 10:00 a.m.

**5.      Identify any party who filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**

At this time, neither party anticipates filing a dispositive motion pursuant to

Fed. R. Civ. P. 12.

**6.      Designate the specific Alternate Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process.  Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**

The parties are requesting permission to delay their ADR until the Court decides

the issue of the timeliness of Plaintiff's claims.

**7.      Set forth any change that any party proposes to be made in the timing, form or requirements of Fed.R.Civ.P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:**

Rule 26(a)(1) Disclosures shall be exchanged by January 18, 2018, within 14 days

after the scheduled date of the Rule 16(f) conference (January 4, 2018).

**8.      Subjects on which fact discovery may be needed.**  (By executing this report, no party be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to Conduct discovery with regard to subjects not listed herein):

The parties anticipate needing fact discovery regarding liability, damages,

and the following subjects, including but not limited to:

- ▪  Plaintiff's allegations as stated in his Complaint;

- ▪  Plaintiff's damages;

- ▪  Defendant's denials of Plaintiff's allegations as denied in Defendant's Answer; and

- ▪  Defendant's Affirmative Defenses.

**9.      Set forth suggested dates for the following** (The parties may elect by agreement to schedule a Post-Discovery Status Conference, as identified in Paragraph 12, below, at the conclusion of Fact-Discovery rather than at the conclusion of Expert Discovery.  In that event, the parties should provide suggested dates only for the events identified in sub-paragraphs 9.a through 9.e, below.  The parties shall provide such information even if dispositive motions pursuant to Fed.R.Civ.P. 12 have been or are anticipated to be filed.  If there are dates on which the parties have bene unable to agree, set forth the date each party proposes and a brief statement in support of each such party's proposed date.  Attach to this report form a proposed Court Order setting forth all dates agreed to below and leaving a blank for the insertion of a date by the Court for any date not agreed to):

**a.      Date(s) on which disclosures required by Fed.R.Civ. 26(a) have been or will be made:**

January 18, 2018 – 14 days after the date of the Initial Case Management Conference (presently scheduled for January 4, 2018)

**b.      Date by which additional parties shall be joined:**

February 19, 2018 – 45 days after the date of the Initial Case Management Conference (presently scheduled for January 4, 2018)

**c.      Date by which pleadings shall be amended:**

March 5, 2018 – 60 days after the date of the Initial Case Management Conference (presently scheduled for January 4, 2018)

**d.      Date by which fact discovery should be completed:**

July 3, 2018 – 180 days after the date of the Initial Case Management Conference (presently scheduled for January 4, 2018)

**e.     If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:**

The parties have agreed to schedule a Post-Discovery Status Conference at the conclusion of Fact Discovery.

**f.     Date by which plaintiff's expert report (if any) will be filed:**

The parties did not discuss dates for paragraphs 9f – 9k, as the parties agreed to participate in a post-discovery status conference at the conclusion of fact discovery.

**g.     Date by which depositions of plaintiff's expert(s) should be completed:**

The parties did not discuss dates for paragraphs 9f – 9k, as the parties agreed to participate in a post-discovery status conference at the conclusion of fact discovery.

**h.     Date by which defendant's expert reports (if any) will be filed:**

The parties did not discuss dates for paragraphs 9f – 9k, as the parties agreed to participate in a post-discovery status conference at the conclusion of fact discovery.

**i.     Date by which depositions of defendant's experts (if any) should be completed:**

The parties did not discuss dates for paragraphs 9f – 9k, as the parties agreed to participate in a post-discovery status conference at the conclusion of fact discovery.

**j.     Date by which third party's expert reports (if any) will be filed:**

The parties did not discuss dates for paragraphs 9f – 9k, as the parties agreed to participate in a post-discovery status conference at the conclusion of fact discovery.

**k.     Date by which depositions of third party's experts (if any) should be completed:**

The parties did not discuss dates for paragraphs 9f – 9k, as the parties agreed to participate in a post-discovery status conference at the conclusion of fact discovery.

10.   If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations.

N/A

11.   Please answer the following questions in regard to the discovery of electronically stored information ("ESI"):

a.   **ESI.**  Is either party seeking the discovery of ESI in this case?

  X    Yes  _____  No

If disputed, identify the nature of the dispute _____

b.   **ESI Discovery Plan.**  The parties have reviewed and discussed the Court's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information set forth in Appendix LCvR 26.2.C - Checklist to the Local Rules and:

  X   Have agreed that, in light of the facts and issues in this case, there is no need to complete an ESI discovery plan, and will conduct ESI discovery by:
  allowing each party to search its own ESI in response to discovery requests and to produce responsive documents by PDF, unless requested in native format provided such ESI is reasonably accessible.

  ___   The Parties have developed an ESI discovery plan (as attached).

  ___   The Parties will have an ESI discovery plan completed by _____.

c.   **Preservation.**  Have the parties agreed on any protocol for the preservation of electronic data and/or potentially relevant ESI?

  X    Yes  _____  No

The parties have agreed on a protocol for the preservation of electronic data and/or potentially relevant ESI.  Each party will

preserve ESI as it exists.

If no, what disputes remain outstanding _____

d.    **ADR.** Does any party believe that the exchange of ESI is necessary prior to conducting meaningful Alternative Dispute Resolution ("ADR") in this case?

  __X__ Yes  _____ No

e.    **Clawback Agreement.** The parties have reviewed FRCP 26(b)(5), FRE 502 and LCR 16.1D, Procedures Following Inadvertent Disclosure, and:

  __X__ Request the Court enter an Order implementing Federal Rule of Evidence 502(d) such as the model Order set forth in Appendix LCvR 16.1.D to the Local Rules and filed with this Report.

  ___ Have agreed on alternate non-waiver language, which either is or will be incorporated within the ESI discovery plan.

  ___ Are unable to agree on appropriate non-waiver language.

f.    **EDSM and E-Mediator.** Does any party believe that the appointment of an E-Discovery Special Master ("EDSM") or E-Mediator would help resolve ESI discovery issues in this case?

  _____ Yes  __X__ No

g.    **Other.** Identify all outstanding issues or disputes concerning ESI.

_____

**12.    Whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery.**

The parties have elected to schedule a Post-Discovery Status Conference following the completion of Fact Discovery. The parties will be prepared at the Post-Discovery Status Conference to discuss the items set forth in paragraph 9 as well as the items identified below, by attending with their calendars in hand. In addition, a representative of each party with settlement authority shall be required to attend, and representatives of any insurance company providing coverage shall be required to be available by telephone throughout the Conference.

a.    **Settlement and/or transfer to an ADR procedure;**

b.    **Dates for the filing of expert reports and the completion of**

    expert discovery as itemized in sub-paragraphs 9.f. through 9.k., above, if the parties elected to defer such discovery until after the Post-Discovery Status Conference;

  c. Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;

  d. Dates by which parties' pre-trial statements should be filed;

  e. Dates by which *in limine* and *Daubert* motions and responses thereto should be filed;

  f. Dates on which motions *in limine* and *Daubert* motions shall be heard;

  g. Dates proposed for final pre-trial conference;

  h. Presumptive and final trial dates.

13. Any other orders which should be entered by the Court pursuant to Rule 16(b) or 26(c).

  None.

14. Whether the parties anticipate appointment of a special master.

  No.

15. Positions on matters for which parties have failed to agree.

  The parties have identified a paramount and dispositive legal issue, i.e., the timeliness of Plaintiff's claims.  They believe that it is essential for the Court to determine this issue before they engage in merits discovery.

16. Whether the parties have considered settlement and the nature of that consideration.

  The parties have not discussed settlement yet.  Please see ¶¶ 6 and 15.

Respectfully submitted:

/s/ *Colleen Ramage Johnston*
Colleen Ramage Johnston
PA I.D. No. 64413
Johnston Lykos, LLC
525 William Penn Place, 28th Floor
Pittsburgh, PA  15219
(412) 325-7700 – Tel.
(412) 325-7755 – Fax
cjohnston@johnstonlykos.law

Attorneys for Plaintiff

/s/ *Brian P. Gabriel*
Brian P. Gabriel
Campbell Durrant Beatty Palombo & Miller, P.C.
535 Smithfield Street
Suite 700
Pittsburgh, PA 15222
412-395-1267 – Tel.
412-395-1291- Fax
bgabriel@cdblaw.com

Attorney for Defendant