IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH A. GIANSANTE, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 17-1307 |
| ) | Magistrate Judge Maureen P. Kelly |
| v. ) | |
| ) | Re: ECF No. 68 |
| PITTSBURGH PUBLIC SCHOOLS, ) | |
| ) | |
| Defendant. ) | |

## ORDER OF COURT

Presently before the Court is a "Motion for Certification of Interlocutory Appeal," ECF No. 68, filed on behalf of Defendant Pittsburgh Public Schools (the "District") pursuant to 28 U.S.C. § 1292(b), seeking to permit the immediate appeal to the United States Court of Appeals for the Third Circuit of the Order of this Court dated June 10, 2019, denying Defendant's Motion for Summary Judgment, ECF No. 66. Because the Order involves a controlling question of law to which there is substantial ground for difference of opinion, and an immediate appeal may materially advance the ultimate termination of the litigation, the Court will grant Defendant's motion. The Court notes that Plaintiff Joseph Giansante ("Giansante") does not oppose the motion. ECF No. 72.

### I. BACKGROUND

Giansante filed this employment discrimination action against the District, alleging that it unlawfully terminated him because of his age, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. C.S. §§ 951, *et seq.* ECF No. 1. Giansante was dismissed without pay in June 2013 because he had received consecutive unsatisfactory teacher ratings for the 2011-2012

and 2012-2013 school years. However, the District did not terminate Giansante's designation as an active employee and continued his health benefits pending a School Board hearing process, which included the presentation of evidence and testimony over the course of five days. Following the full hearing, the School Board voted to adopt a resolution terminating Giansante from employment with the District on November 24, 2015.

In May 19, 2016, Giansante filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging age discrimination. On October 11, 2017, Plaintiff commenced the instant federal action by filing his Complaint alleging age discrimination. After the close of discovery, the District filed a Motion for Summary Judgment contending that Giansante's claims are time-barred because he did not file an EEOC charge within 300 days of receiving a second unsatisfactory rating and being removed without pay from his teaching position. The District further argued that the reasons for Giansante's termination were legitimate and non-discriminatory.

As to the issuance of the second unsatisfactory rating and the decision to place Giansante on an unpaid leave of absence after his second unsatisfactory rating in June 2013, Giansante conceded, and this Court found, that these discrete acts are time-barred. As such, these acts may not give rise to independent age discrimination claims. ECF No. 66 at 19.

As to the School Board vote on November 24, 2015, terminating Giansante's employment, following the evidentiary hearing over five days, the Court found that this discrete act may give rise to an independent age discrimination claim that is not time- barred. As such, the Court denied the Motion for Summary Judgment as to timeliness.

> In this instance, Plaintiff *has* alleged a wrongful discharge claim arising out of the School Board's November 24, 2015, termination vote. The vote inflicted an injury separate and apart from the loss of pay in June 2013, through the cessation of Giansante's health care benefits. Further, record evidence establishes that a

2

recommendation to terminate by the Superintendent does not necessarily result in final termination, because the School Board's independent vote is a required step to effectuate termination. ECF No. 52 ¶¶ 386, 399. The termination vote did not occur until after a multi-day hearing before the School Board, and thereby required an independent assessment of the reasons for the [unsatisfactory] rating. Giansante claims that this evaluation process has been engaged, first by the District, and then by the School Board, to reduce labor costs during a budgetary shortfall. This process resulted in the termination of employment of a disproportionate number of teachers in Plaintiff's protected age class who earn substantially more than younger teachers. ECF No. 60 at 5. In this regard, the fact that the School Board voted to terminate Giansante after a five-day hearing and the presentation of evidence by both Giansante and the District lends credence to the independent participation of the School Board in Giansante's termination.

Id. at 21.

The District requests that this Court certify its June 10, 2019 Order for immediate interlocutory appeal as to the issue of "whether the cessation of Giansante's health benefits and the Board vote at the conclusion of the Board hearing process constitutes a discrete and independently discriminatory act." ECF No. 69 at 3.

## II. LEGAL STANDARD

The District seeks certification for interlocutory appeal of the June 10, 2019 Order pursuant to 28 U.S.C. § 1292(b). Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

The decision to certify for interlocutory appeal rests with the district court, and the burden to demonstrate that certification is appropriate lies with the moving party. Orson v. Miramax Film Corp., 867 F. Supp. 319, 320 (E.D. Pa. 1994) (citing Delaware Valley Toxics Coalition v. Kurz—Hastings, Inc., 813 F. Supp. 1132, 1142 (E.D. Pa. 1993)). Section 1292(b) certification is appropriate only in exceptional circumstances. U.S. v. Nixon, 418 U.S. 683, 690 (1974).

3

## III. DISCUSSION

In the instant matter, the Court believes each of the required elements for the requested extraordinary relief are met. A contrary determination by the appellate court as to the timeliness of the Giansante's claim would result in the termination of the pending litigation. Accordingly, the proposed immediate appeal involves a controlling question of law. Katz v. Carte Blanche Corp., 496 F.2d 747, 755 (3d Cir. 1974). In addition, the issue raised involves a difficult question of law not settled by controlling authority. Knipe v SmithKline Beecham, 583 F. Supp. 2d 553, 599 (E.D. Pa. 2008).

Here, the particular question at issue – whether termination as an active employee and cessation of health benefits can be parsed from an earlier dismissal, where the later termination is not "an inevitable consequence" but is alleged to be an independently discriminatory act – is not readily resolved by existing case law on the record presented to the Court. Giansante claims that he was terminated because of his age by the School Board in furtherance of a stated goal to reduce personnel to meet budget constraints. The School Board issued its termination decision after a five-day hearing that required an independent assessment of the grounds for termination. Under these circumstances, a jury may reasonably conclude that the School Board's decision to terminate Giansante was the result of a discrete act, that is actionable on its own. Finally, the Court further finds that an interlocutory appeal would materially advance the termination of this litigation as reversal would terminate the litigation.

## IV. CONCLUSION

Based on the foregoing, certification for the interlocutory appeal is appropriate in this case. The following Order is entered:

This 2nd day of July, 2019, IT IS HEREBY ORDERED that:

4

1. Defendant's unopposed Motion for Certification of Interlocutory Appeal, ECF No. 68, is **GRANTED.**
2. The Court's Opinion and Order dated June 10, 2019, ECF No. 66, is **AMENDED** by adding the following final paragraph:

    This Order involves controlling questions of law as to which there is substantial ground for difference of opinion and an immediate appeal from this Order may materially advance the ultimate termination of the litigation. Accordingly, this Order is certified for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

3. This matter is **STAYED** pending appeal.

BY THE COURT:

*Maureen P. Kelly*

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE


cc: All counsel via CM/ECF